UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30010 |
| Plaintiff-Appellee, | D.C. No. 4:16-cr-00009-BMM-1 District of Montana, Great Falls |
| v. | |
| CHERYL LYNN LITTLE DOG, | ORDER |
| Defendant-Appellant. | |

Before: WARDLAW and OWENS, Circuit Judges, and LEFKOW,* District Judge.

Appellant's petition for panel rehearing is **GRANTED**. The memorandum disposition filed on August 13, 2018, is withdrawn. A replacement memorandum disposition is being filed concurrently with this order.

No further petitions for rehearing will be entertained in this case.

---

\* The Honorable Joan Lefkow, United States District Judge for the Northern District of Illinois, sitting by designation.

NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 14 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>CHERYL LYNN LITTLE DOG,<br><br>Defendant-Appellant. | No. 17-30010<br><br>D.C. No.<br>4:16-cr-00009-BMM-1<br><br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Argued and Submitted July 12, 2018
Portland, Oregon

Before: WARDLAW and OWENS, Circuit Judges, and LEFKOW,[**] District
Judge.

Cheryl LittleDog[1] appeals from her convictions for harboring a fugitive (18

_____

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Joan H. Lefkow, United States District Judge for the
Northern District of Illinois, sitting by designation.

[1] Because LittleDog styles her name this way in her briefing on appeal,
we adopt this formulation rather than "Little Dog" (as the name was styled in the
district court).

U.S.C. § 1071) and making a false statement to federal law enforcement (18 U.S.C. § 1001(a)(2)), arising from the discovery and capture of federal fugitive Frank Gallardo in the crawl space of LittleDog's home. As the parties are familiar with the facts, we do not recount them here. We reverse the district court's order denying LittleDog's motion to suppress evidence obtained during the two searches of her house.[2]

1. "A district court's denial of a motion to suppress is reviewed de novo, while its factual findings are reviewed for clear error. . . . Whether a person has actual or apparent authority to consent to a search is a mixed question of law and fact reviewed de novo." *United States v. Ruiz*, 428 F.3d 877, 880 (9th Cir. 2005) (internal citations omitted). The district court clearly erred in finding that LittleDog consented to the search; thus, the first search of LittleDog's home violated the Fourth Amendment. The government failed to satisfy its "heavy burden of demonstrating that [LittleDog's] consent was freely and voluntarily given." *United States v. Chan-Jimenez*, 125 F.3d 1324, 1327 (9th Cir. 1997). "That burden is heaviest when consent would be inferred to enter and search a home." *United States v. Shaibu*, 920 F.2d 1423, 1426 (9th Cir. 1990). We have identified five factors that tend to show a lack of voluntariness: "(1) the person was

---

[2]     Accordingly, we do not reach LittleDog's other claims. We grant LittleDog's request for judicial notice.

in custody; (2) the officer had his weapon drawn; (3) the officer failed to administer *Miranda* warnings; (4) the officer did not inform the person of his right to refuse to consent; and (5) the person was told that a search warrant could be obtained." *Chan-Jimenez*, 125 F.3d at 1327. The government need not "check off all five factors, but 'many of this court's decisions upholding consent as voluntary are supported by at least several of the factors.'" *United States v. Patayan Soriano*, 361 F.3d 494, 502 (9th Cir. 2004) (quoting *Chan-Jimenez*, 125 F.3d at 1327 n.3.).

As an initial matter, LittleDog opened her front door after an officer threatened to kick it in. *See United States v. Winsor*, 846 F.2d 1569, 1573 n.3 (9th Cir. 1988) (en banc) (holding that compliance with a police demand to open a door is not consent as a matter of law); *see also Kentucky v. King*, 563 U.S. 452, 471 (2011) (describing, as a paradigmatic Fourth Amendment violation, a scenario where officers "announc[e] that they would break down the door if the occupants did not open the door voluntarily"). When LittleDog opened the door, all three officers had their weapons drawn—a factor that indicates involuntariness. *See Chan-Jimenez*, 125 F.3d at 1327. Further, the officers did not inform LittleDog that she could withhold her consent—which also indicates involuntariness. *See id.* Although the officers' failure to inform LittleDog that she could withhold consent "is not to be given controlling significance," "it may be a factor in the overall judgment." *United States v. Watson*, 423 U.S. 411, 424 (1976). The district court

legally erred by deeming this factor neutral.

Moreover, even viewing the evidence in the light most favorable to the government, only two factors weigh in its favor: (1) LittleDog was not in custody, and (2) the officers never told LittleDog that they could obtain a search warrant if she refused to consent.[3] *See United States v. Kim*, 25 F.3d 1426, 1432 (9th Cir. 1994). The government's position is not "supported by at least several of the factors." *Patayan Soriano*, 361 F.3d at 502 (citation omitted).

The district court clearly erred by concluding that LittleDog voluntarily consented to the first search of her residence. Even if LittleDog expressed her consent to search her home, in light of the officers' threat to kick in her front door, confronting her with drawn weapons, and failure to inform LittleDog she could refuse consent, we conclude that the government failed to show that LittleDog's consent was freely and voluntarily given. *See* Chan-Jimenez, 125 F.3d at 1327.

2. We review de novo the mixed question of fact and law whether evidence derived from an illegal entry and search requires suppression. *See United States v. Washington*, 387 F.3d 1060, 1071 n.11 (9th Cir. 2004). We hold that evidence obtained during both the first and second warrantless searches of LittleDog's home

---

[3] To the extent the district court held that the third factor weighed in favor of the government, it erred as a matter of law. At best, the officers' failure to provide LittleDog with *Miranda* warnings is neutral because she was not under arrest. *See United States v. Russell*, 664 F.3d 1279, 1281–82 (9th Cir. 2012).

should be suppressed under the exclusionary rule as fruit of the poisonous tree. *Utah v. Streiff*, 136 S. Ct. 2056, 2061 (2016) (holding that the exclusionary rule covers both "the primary evidence obtained as a direct result of an illegal search or seizure," and "evidence later discovered and found to be derivative of an illegality"). Here, the officers' reasons for the second search—LittleDog's suspicious behavior and the officers' failure to search the crawl space—were derived from the first illegal search. In addition, the government failed to show that an exception to the exclusionary rule applied. *See id*.

Each party shall bear its own costs on appeal.

**REVERSED AND REMANDED.**